# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| GWENDOLYN STALLWORTH, | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| v. | } | Case No.:  7:14-CV-410-RDP |
| | } | |
| BIBB COUNTY, ALABAMA, et al., | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

This matter is before the court on the Motions to Dismiss filed by Defendants Mindy Goodwin and Christopher Poole (Doc. # 23)[1] and by Sheriff Keith Hannah (Doc. # 25).  The Motions have been fully briefed.  (Docs. # 24, 26, 28, 29 and 30).

## I.      BACKGROUND AND RELEVANT FACTS

This case stems from Plaintiff's incarceration in the Bibb County Jail from December 2, 2012 through December 3, 2012 on the charge of Failure to Appear (FTA) for a speeding ticket. The crux of the case is Plaintiff's claim that she was subjected to excessive force and false imprisonment and that her personal property was taken from her.   The Second Amended Complaint (Doc. # 18) asserts the following claims: (1) Count 1: Federal Constitutional Violations (asserting various violations of the 14th Amendment) against Defendants Poole and Goodwin; (2) Count 2: Federal Constitutional Violations against Defendant Hannah; and (3) Count 3: State tort claims against Defendants Poole and Goodwin, including assault and battery against Poole, conversion against Poole and Goodwin, false imprisonment against Poole and

---

[1] The Motion by Defendants Poole and Goodwin is a partial motion to dismiss seeking to dismiss all state law tort claims and all official capacity claims.  (Doc. # 23).

Goodwin, invasion of privacy/outrage against Poole and Goodwin.  (Docs. # 18, 24, 26, 28 and 29)

Plaintiff alleges that Defendants Poole and Goodwin used a "rude, harsh and demeaning tone" to her, sprayed her with mace, strip searched her and performed a body cavity search in front of male inmates, put her−while naked−in a dirty cell with no furniture or toilet, refused to tell her the amount of her bail, and failed to return $500 of the money she had with her when she was arrested.  Defendant Hannah is merely alleged to be the Sheriff and, therefore, responsible for the lack of training and supervision of Poole and Goodwin, as well as the administration of the Bibb County Jail.  (Doc. # 18).

Defendant Hannah has moved to dismiss all claims against him.  Defendants Poole and Goodwin have moved to dismiss the state law claims against them, as well as the official capacity claims against them.  (Docs. # 24 and 26).

## II.     STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Having said that, the complaint must include enough facts "to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations.  *Twombly*, 550 U.S. at 555, 557.  In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the

complaint in the light most favorable to the non-moving party.  *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

In her responses to Defendants' Motions, Plaintiff argues the wrong pleading standard. (Docs. # 28 and 29).  Under *Twombly*, Plaintiff's Complaint must present plausible theories of liability and allege specific facts establishing each claim.  To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

The Supreme Court has identified "two working principles" for a district court to use in applying the facial plausibility standard.  First, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions when they are "couched as [] factual allegation[s]."  *Iqbal*, 129 S. Ct. at 1950.  Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.*  Application of the facial plausibility standard involves two steps.  Under one prong, the court must determine the scope and nature of the factual allegations that are well-pleaded and assume their veracity; and under the other prong, the court must proceed to determine the claim's plausibility given the well-pleaded facts.  That task is context specific and,

3

to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Id.* If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Id.*

## III.  DISCUSSION

### A.  Official Capacity Section 1983 Claims

Plaintiff's "official capacity" section 1983 claims against all Defendants are due to be dismissed because these claims are, in actuality, claims against Bibb County itself. "[O]fficial capacity suits generally represent only another way of pleading an action against the entity of which an officer is an agent." *Brandon v. Holt*, 469 U.S. 464, 472 n. 21 (1985). Suits against an individual acting in his official capacity impose liability on the governmental entity the official represents. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) ("Because suits against a municipal officer sued in his official capacity and direct suits are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly. . . ."). Because Plaintiff's official capacity section 1983 claims against Defendants are claims against the County, they are due to be dismissed. However, Defendants Pool and Goodwin have not moved to dismiss Plaintiff's *individual* capacity section 1983 claims against them and those claims are not affected by this ruling.

### B.  Individual Capacity Section 1983 Claims Against Defendant Hannah

Suits against municipal officials in their individual capacities are claims against the officials themselves as relief is sought from the person, not the governmental entity he

represents.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).  Defendant Hannah, therefore, is a "person" subject to suit under section 1983, when sued in his individual capacity.  *See Toth v. City of Dothan*, 953 F. Supp. 1502, 1507 (M.D. Ala. 1996) (noting that state officials sued in their individual capacities are "persons" for purposes of Section 1983 and that they may be held personally liable for damages under Section 1983 for actions taken in their official capacities).

However, "[i]t is well established in this Circuit that supervisory officials are not liable under [section] 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."  *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999)).  Supervisory liability under section 1983 may occur "'when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged deprivation.'"  *Valdes v. Crosby*, 450 F.3d 1231, 1236 (11th Cir. 2006) (quoting *Miller v. King*, 384 F. 3d 1248, 1261 (11th Cir. 2004)).  Plaintiff has not alleged that Defendant Hannah personally participated in any conduct directed toward her while at the Bibb County Jail. In fact, Plaintiff's Complaint pleads no facts suggesting Defendant Hannah was even aware that Plaintiff had been arrested or was in custody.  (*See, generally,* Doc. # 18).  The question then is whether there is a sufficient causal connection between Defendant Hanna's actions or inaction and Defendants Poole and Goodwin's alleged conduct.

A causal connection may be established when: 1) a "history of widespread abuse" puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; 2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or 3) facts support an inference that the supervisor directed subordinates to

act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff makes nothing more than conclusory allegations that Defendant Hannah was responsible for the actions of Defendants Poole and Goodwin. She alleges that Defendants Poole and Goodwin were acting as Hannah's agents, according to his policies, or because he failed to properly train them.  (Doc. # 18 at ¶¶ 6-7, 28-32).  Plaintiff makes no specific factual allegation of any prior incidents similar to the one she experienced.  Thus, Plaintiff has failed to allege facts that could support an inference that Defendant Hannah knew that Defendants Poole and Goodwin would act unlawfully but failed to intervene or was deliberately indifferent. *See Bd of Cnty. Comm'rs of Bryan Cnty, Okla v. Brown*, 520 U.S. 397, 410 (1997) (deliberate indifference exists when supervisor disregards a known or obvious consequence of his action).   Thus, Plaintiff's section 1983 claims against Defendant Hannah in his individual capacity are also due to be dismissed.

Additionally, Defendant Hannah argues that he is entitled to qualified immunity on Plaintiff's section 1983 claims against him in his individual capacity.  Qualified immunity is not only immunity from liability, but also immunity from defending the suit itself.  *See e.g.*, *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996); *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985).   A qualified immunity determination requires the application of a multi-part test.  First, a defendant must establish that he was acting within his discretionary authority as a public employee when the conduct in question occurred. *Townsend*, 601 F.3d at 1158.   Next, a plaintiff must demonstrate "'that: (1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation.'"  *Id*. (quoting *Holloman v. Harland*, 370 F.3d

1252, 1264 (11th Cir. 2004)).  In previous years, this two-step inquiry was to be conducted in sequential order. That is, the court was required to decide in the first instance whether a right existed (and whether it was violated) before deciding whether that right was clearly established as of the time of the alleged violation.  Now, however, courts may "'exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first.'"  *Id.* (quoting *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

A district court may dismiss a complaint when the complaint, on its face, contains allegations which will support the defense.  *Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993).  Assuming Plaintiff's factual allegations are true, as the court must, this is a case where qualified immunity is due to be granted to Defendant Hannah at this stage.  The actions alleged to have been taken by Defendant Hannah were undertaken pursuant to the performance of his duties as Sheriff and were within the scope of his authority.  See *Rich v. Dollar*, 841 F.2d 1558, 1564 (11th Cir. 1988); *Barker v. Norman*, 651 F.2d 1107, 1121 (5th Cir. 1981).  Plaintiff's claims are based on Defendant Hannah's supervisory duties and upon the implementation and enforcement of the Bibb County Sheriff's Office policies.  Therefore, the actions alleged to have been taken by Defendant Hannah clearly fall within his discretionary authority. "[T]he determination that an officer was acting within his discretionary authority is quite a low hurdle to clear." *Godby v. Montgomery County Bd. of Educ.*, 996 F. Supp. 1390, 1401 (M.D. Ala. 1999).

As to whether Defendant Hannah's conduct constitutes a violation of a constitutional right, Plaintiff must allege that Defendant Hannah personally participated in the unconstitutional conduct or there is a causal connection between the alleged unconstitutional conduct and Defendant Hannah's actions.  *Harper v. Lawrence County*, 592 F.3d 1227, 1236 (11th Cir.

7

2010).  Plaintiff does not allege that Defendant Hannah personally participated in the alleged unconstitutional conduct, nor has she alleged any other incidents which may support a pattern of such conduct.  Her allegations regarding causation and an alleged "custom or policy" are not plausible under *Iqbal* and *Twombly*.  Plaintiff does not plead "facts" relating to Defendant Hannah; rather, in relation to him, she merely asserts legal conclusions couched as factual allegations.  Therefore, Defendant Hannah is entitled to qualified immunity.  To the extent Plaintiff asserts that Defendant Hannah should be liable under some form of respondeat superior or vicarious liability, such a claim clearly fails because no such liability exists under § 1983. *Thomas v. Bryant,* 614 F.3d 1288, 1315 n.24 (11th Cir. 2010); *Cook ex. rel. Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1115-16 (11th Cir. 2005).

C.      **State Law Claims**

Plaintiff's state law claims are only stated against Defendants Poole and Goodwin. Under Alabama law, a sheriff is a state executive officer and enjoys absolute immunity under the Alabama Constitution. *Hereford v. Jefferson Cnty.*, 586 So.2d 209, 210 (Ala. 1991) (citing Ala. Const. art. I, § 14 ("[T]he State of Alabama shall never be made a defendant in any court of law or equity.")); *see also Ex parte Shelley*, 53 So.3d 887, 891 (Ala. 2009).  In 2011, the Alabama legislature amended Ala. Code § 14–6–1 to address *Shelley* and extend immunity to jailers as well as deputy sheriffs.  Section 14–6–1 now provides:

> "The sheriff may employ persons to carry out his or her duty to operate the jail and supervise the inmates housed therein for whose acts he or she is civilly responsible. *Persons so employed by the sheriff* shall be acting for and under the direction and supervision of the sheriff and *shall be entitled to the same immunities and legal protections granted to the sheriff* under the general laws and the Constitution of Alabama of 1901, as long as such persons are

8

> acting within the line and scope of their duties and are acting in
> compliance with the law."

Ala.Code § 14–6–1 (emphasis added).  Here, Plaintiff's own pleading makes plain that Poole and Goodwin were acting as deputies and/or jailers under the Sheriff's supervision and were also acting in the line and scope of their employment when dealing with Plaintiff.  Plaintiff's reliance on *Ex Parte Shelley* fails to acknowledge that the relevant statute, Ala. Code § 14-6-1, was enacted after the Supreme Court's decision in *Shelly*.  Indeed, the Alabama Legislature intended the enactment of § 14–6–1 to correct what it perceived as an incorrect result reached in *Shelley* and to legislatively overrule that decision.  Thus, based upon a straight forward application of § 14–6–1, Defendants Poole and Goodwin are absolutely immune from Plaintiff's state law claims.

## IV.   CONCLUSION

For the foregoing reasons, the Motions to Dismiss filed by Defendants Mindy Goodwin and Christopher Poole (Doc. # 23), and by Sheriff Keith Hannah (Doc. # 25) are each due to be granted.

1.    Count 1 – Plaintiff's "Federal Constitutional Violations" claim against Defendants Pool and Goodwin is due to be dismissed with prejudice to the extent it seeks to assert official capacity claims.  Plaintiff's Federal Constitutional claims will proceed against Defendants Poole and Goodwin in their individual capacities.

2.    Count 2 – Plaintiff's "Federal Constitutional Violations" claim against Defendant Hannah is due to be dismissed with prejudice.[2]

3.    Count 3 – Plaintiff's State Law Tort claims against Defendants Poole and Goodwin are due to be dismissed with prejudice.

---

[2] The court notes that the current Second Amended Complaint is Plaintiff's third opportunity to present her claims.

4.     Finally, the court notes that Plaintiff's remaining Section 1983 individual capacity claims against Defendants Poole and Goodwin are due to be repled because Plaintiff's current pleading of those claims constitute "shotgun" pleading.  The Eleventh Circuit has discouraged district courts from considering "shotgun" pleadings where a plaintiff asserts multiple claims of relief in single counts and "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996); *see also Kennedy v. Bell South Telecommunications, Inc. (AT&T)*, 546 Fed.Appx. 817, 819-20 (11th Cir. 2013).  When faced with a complaint like the one here, in which the counts incorporate by reference all previous allegations and counts, the district court is faced with the task of culling through the allegations, identifying the claims, and, as to each claim identified, select the allegations that appear to be germane to the claim. "This task can be avoided if the defendant moves the court for a more definite statement or if the court, acting on its own initiative, orders a repleader." *Ledford v. Peeples,* 657 F.3d 1222 1239 (11th Cir 2011).

**DONE** and **ORDERED** this July 15, 2014.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE